IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


DEL MAGUEY LTD. CO.,

                    Plaintiff,

         vs.                                                    CIVIL NO.  09-1106 BB/LFG

ANSLEY J. COALE, JR., CRAFT
DISTILLERS, DISTILLERS ART,
INC, ALAMBIC, INC., DESTILERIA
LOS DANZANTES and DOES 1-10,

                    Defendants.


## ORDER TO EXTEND TIME FOR SERVICE

On March 25, 2010, the Court issued an Order [Doc. 24] requiring Plaintiff to show cause

why the lawsuit should not be dismissed without prejudice against Defendant Destileria Los

Danzantes ("Destileria") because Plaintiff failed to execute service of process on Destileria.  In its

Response to the Order to Show Cause [Doc. 25],[1] Plaintiff argues that defense counsel led Plaintiff

to believe that service of process would be accepted on behalf of Destileria and then recently

reneged on that representation, resulting in Plaintiff having to utilize service of process procedures

under provisions of the Hague Convention.[2]

After being apprised by defense counsel that they could not accept service on behalf of

Destileria, Plaintiff initiated efforts to utilize the service of process procedures under the

---

[1]Based on Plaintiff's timely response, the Court withdrew the Order to Show Cause on April 21, 2010. [Doc. 27.]

[2]The Hague Convention states that each signatory nation shall designate a central authority through which service of process may be effected.  In Re S1 Corp. Securities Litigation, 173 F. Supp. 2d 1334, 1343 (N.D. Ga. 2001) (*citing* Hague Convention, Art. 2)  The central authority checks the documents for compliance with the Convention, serves them in accordance with its own law (or by a method requested by the sender that complies with that country's laws), and returns to the party requesting service a certificate that the documents have been served.  Id. (*citing* Hague Convention, Art. 4-6).

international convention.  Plaintiff represents that this process may take between six and nine months.

### Analysis

Plaintiff is correct that the 120-day time limit for effecting service under Fed. R. Civ. P. 4(m) does not apply to service of process on defendants in foreign countries.  Lewis v. Vollmer of Am., 2006 WL 3308568, at **2-3 (W.D. Pa. Oct. 25, 2006) (unpublished).  However, while the time frame within which to effect service is not established by Rule 4, it is not limitless.  Id. (*citing* In Re Crysen/Montenay Energy Co., 166 B. R. 546, 553 (S.D.N.Y. 1994)) ("The mere fact that Congress exempted foreign service from the 120-day requirement . . . does not give litigants an unlimited time in which to complete service.")

Rather, when service is to be accomplished in a foreign country, the Court must use a flexible due diligence standard to determine if Plaintiff is acting in a timely fashion.  Standard Commercial Tobacco Co., Inc. v. Mediterranean Shipping Co., 1995 WL 753901 at *1 (S.D.N.Y. Dec. 19, 1995) (unpublished).  "The flexible due diligence standard is measured by the reasonable-ness of the plaintiff's efforts as well as the prejudice to the defendant from any delay."  Papst Licensing GmbH & Co. KG v. Sunonwealth Elect. Mach. Ind. Co., 332 F. Supp. 2d 1142, 1151 (N.D. Ill. 2004)(*citing* James v. Rutil (S.R.L.), No. IP 95-530-C-B/S, 1997 WL 151174 (S.D.In. Mar. 14, 1997)).

In this case, Plaintiff has so far demonstrated diligence.  However, the Court cannot simply "park" this case for an additional six to nine months to see if Plaintiff will ultimately effect service on Destileria.  Nearly five months have elapsed since the filing of the Complaint.  The Court determines that an additional three months from the entry of this Order should be sufficient to allow Plaintiff to satisfy its obligations under the Hague Convention.

Accordingly, the Court establishes July 22, 2010 as the deadline for effecting service of process and for providing the Court with proof of service.  The failure to submit appropriate proof of service within this expanded deadline, which is a total of eight months from the filing of the Complaint, will result in a dismissal without prejudice of Plaintiff's claims against Defendant Destileria Los Danzantes.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge